IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00212-PAB-NRN

JOSEPH ELIAS, and all others similarly situated,

	Plaintiff,

v.

CITY OF AURORA,

	Defendant.

---

**ORDER**

---

This matter comes before the Court on Plaintiffs' Unopposed Motion for Conditional Certification of FLSA Collective Action and for Approval of Notice of Collective Action, Plaintiffs' Consent Form, and Opt-In Procedure [Docket No. 25]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Mr. Elias brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation on his own behalf and on behalf of all other current and former employees of the City of Aurora (the "City") who attended Entry Level and Fast Track training at the Aurora Fire Rescue Fire Academy ("Fire Academy") between June 18, 2022 and May 8, 2025. *Id.* at 1-2, ¶¶ 1, 3. Mr. Elias was employed as a firefighter recruit and attended the Fire Academy between July 17,

---

[1] At the class certification stage, the court accepts the substantive, non-conclusory allegations of the complaint as true. *Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009).

2023 and August 30, 2023.  Docket No. 1 at 4, ¶ 23.  Newly hired members of the Aurora Fire Department must attend and graduate from the Fire Academy.  *Id.* at 3, ¶ 10.  The Fire Academy is a full-time training program, run by the City, which takes approximately 25 weeks to complete.  *Id.*, ¶ 11.  Before February 2024, the Fire Academy took approximately 20 weeks to complete.  *Id.*  Plaintiff claims that, while attending the Fire Academy, recruits were paid an established salary for their straight-time hours of work, *id.*, ¶ 16; that since at least January 2022, and continuing through the present, the City has maintained a policy of not paying employees attending the Fire Academy any overtime compensation, *id.* at 4, ¶ 17; that recruits regularly work over 40 hours per week when attending the Fire Academy, *id.* at 5, ¶ 33; and that they were never paid any additional compensation for this work.  *Id.*, ¶ 26.

 Mr. Elias avers that, during his induction week at the Fire Academy, the City made repeated statements explicitly discouraging him and his classmates from contacting Human Resources or lodging complaints against their supervisors.  *Id.* at 7, ¶ 44.  Plaintiff also alleges that the City previously acknowledged that recruits attending the Fire Academy would be entitled to overtime pay.  *Id.*, ¶ 45.  Plaintiff claims that, on information and belief, the City intentionally altered or falsified its timekeeping records of firefighter recruits attending the Fire Academy.  *Id.* at 8, ¶ 46.

 On January 21, 2025, plaintiff filed his complaint.  *See generally id.*  Plaintiff brings a claim for violation of the FLSA.  *Id.* at 8-9.  Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b).  *Id.* at 2, ¶ 6.  On June 18, 2025, plaintiff filed the present motion, requesting that the Court conditionally certify the

2

collective action and approve his proposed Notice of Collective Action (the "Notice),

proposed consent form, and proposed opt-in procedure. Docket No. 25.

## II.  LEGAL STANDARD

### A.  Conditional Certification

Title 29 U.S.C. § 216(b) of the FLSA provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages . . . An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added). There is a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). A court's initial certification comes at the notice stage, where the court determines whether plaintiffs are similarly situated for purposes of sending notice to putative class members. *Id.* at 1102. Plaintiffs are required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.*; *see also Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *4 (D. Colo. Dec. 14, 2012). This is a "lenient" standard, *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007). The second stage, which comes at the conclusion of discovery, applies a stricter standard of "similarly situated," including application of at least four factors to determine whether the case can proceed as a collective action. *Thiessen*, 267 F.3d at 1102-03.

B. **Notice to Conditional Class**

Once the court concludes that conditional certification of an FLSA collective action is appropriate, the court may authorize plaintiff to disseminate a proper notice and an opt-in consent form to putative class members. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless [she] gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The court has broad discretion regarding the details of the notice sent to potential opt-in plaintiffs. *Hoffman-LaRoche*, 493 U.S. at 171. "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal citations and quotations omitted).

III. ANALYSIS

A. **Conditional Certification**

Plaintiff moves to conditionally certify a collective comprised of the following two subgroups:

> All current and former employees of the City of Aurora who attended Entry Level training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022, through January 30, 2025, including specifically the following Fire Academy Classes:
>
> 2022-01 Entry [February 20, 2022-July 22, 2022]
> 2022-02 Entry [October 24, 2022-March 24, 2023]
> 2023-01 Entry [July 17, 2023-November 30, 2023]
> 2024-01 Entry [February 5, 2024-August 8, 2024]
> 2024-02 Entry [August 19, 2024-January 30, 2025]

4

> All current and former employees of the City of Aurora who attended Fast Track training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022, through May 8, 2025including [sic] specifically the following Fire Academy Classes:
>
> 2023-01 Fast Track [April 17, 2023-June 9, 2023]
> 2025-01 Fast Track [April 7, 2025-May 8, 2025]

Docket No. 25 at 2, ¶ 3.

The Court finds that plaintiff has provided substantial allegations that the putative class members are similarly situated. *See Thiessen*, 267 F.3d at 1102-03. Plaintiff claims that the City had a "policy of not compensating employees attending the Fire Academy any overtime compensation for hours of work performed over 40 in a workweek." Docket No. 1 at 4, ¶ 17. Plaintiff states that recruits "were never paid any compensation in addition to their regular salary for weeks in which they performed more than 40 hours of work." *Id.* at 5, ¶ 26. *See Renfro*, 243 F.R.D. at 433-434 ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan."). Plaintiff alleges that members of the collective are similarly situated because they were all subjected to the alleged policy of not being provided overtime compensation when working over 40 hours in a work week.

Accordingly, the Court conditionally certifies a collective class action consisting of the following:

> All current and former employees of the City of Aurora who attended Entry Level training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022, through January 30, 2025, including specifically the following Fire Academy Classes:
>
> 2022-01 Entry [February 20, 2022-July 22, 2022]

>2022-02 Entry [October 24, 2022-March 24, 2023]
>2023-01 Entry [July 17, 2023-November 30, 2023]
>2024-01 Entry [February 5, 2024-August 8, 2024]
>2024-02 Entry [August 19, 2024-January 30, 2025]
>
>All current and former employees of the City of Aurora who attended Fast Track training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022, through May 8, 2025including [sic] specifically the following Fire Academy Classes:
>
>2023-01 Fast Track [April 17, 2023-June 9, 2023]
>2025-01 Fast Track [April 7, 2025-May 8, 2025]

### B. Notice to Conditional Class

The Court finds that the proposed Notice contains the necessary information. Docket No. 25-1. The Notice informs putative class members of the parties involved, the parties' general allegations, information about the collective action designation, and how to opt in. *See id.* at 1-4. In addition, the Notice provides that opt-in plaintiffs must return consent forms to plaintiff's counsel within 60 days from the date of mailing of the Notice. *Id.* at 1.

The Notice defines the collective differently than plaintiffs do in their motion regarding the dates the collective members attended the Fire Academy. The Notice defines the collective as the following:

>**2. Who is included in the collective action:**
>
>All current and former employees of the City of Aurora who attended **new-hire** training at the AFR Fire Academy between June 18, 2022, and **January 30, 2025**, including but not limited to the following Fire Academy Classes:
>
>Entry Level Classes: 2022-01; 2022-02; 2023-01; 2024-01; and 2024-02
>Fast Track Classes 2023-01; 2025-01

*Id.* at 2 (emphasis added).

6

This language differs from the collective plaintiff proposes in his motion.  *See* Docket No. 25 at 2, ¶ 3.  Instead of using the terms Entry Level training and Fast Track training, plaintiff uses the term "new-hire training."  Docket No. 25-1 at 2.  Moreover, the proposed cut-off date in the motion is May 8, 2025, the date the last Fast Track training program ended.  Docket No. 25 at 2, ¶ 3.  In the Notice, however, plaintiff proposes a cut-off date of January 30, 2025, which would exclude the last Fast Track training program.  Docket No. 25-1 at 2.  For the sake of clarity, plaintiff should use the same language he proposed in his motion.  Therefore, the Notice should state the following:[2]

> **2. Who is included in the collective action:**
>
> All current and former employees of the City of Aurora who attended Entry Level training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022 through January 30, 2025, including specifically the following Fire Academy Classes:
>
> 2022-01 Entry [February 20, 2022-July 22, 2022]
> 2022-02 Entry [October 24, 2022-March 24, 2023]
> 2023-01 Entry [July 17, 2023-November 30, 2023]
> 2024-01 Entry [February 5, 2024-August 8, 2024]
> 2024-02 Entry [August 19, 2024-January 30, 2025]
>
> and
>
> All current and former employees of the City of Aurora who attended Fast Track training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022 through May 8, 2025, including specifically the following Fire Academy Classes:
>
> 2023-01 Fast Track [April 17, 2023-June 9, 2023]
> 2025-01 Fast Track [April 7, 2025-May 8, 2025]

---

[2] The language includes some grammatical revisions to the language in plaintiff's motion, including the removal of two commas before the words "through," the addition of a comma and a space between "May 8, 2025" and "including," and the addition of the word "and" between the two subgroups.  *See* Docket No. 25 at 2, ¶ 3.

7

Moreover, the Notice often refers to "Plaintiffs" when Mr. Elias is currently the only plaintiff in this action. Docket No. 25-1 at 3-4. Plaintiff should correct these errors in the manner noted below. The required changes are in bold text for purposes of calling them to the parties' attention.

### 4. EFFECT OF JOINING THE LAWSUIT

If you choose to join in the Lawsuit, you should understand that there is no guarantee of success or recovery for you or any other Plaintiff in this case and you should understand that you will be bound by the judgment or settlement, whether it is favorable or unfavorable. If the court rules in favor of the City, you will be entitled to no favorable relief if you join this action. While the suit is pending, you may be required to respond to written questions, sit down for depositions, and/or testify in court. As part of the relief requested in **the** Complaint, **Plaintiff is** seeking an award of attorneys' fees and costs under applicable federal and state law. If there is no recovery in this case, you will not be obligated to pay any attorneys' fees. If there is any recovery, through a judgment or a settlement, **Plaintiff's** counsel will seek an award of reasonable attorneys' fees and costs to be paid by the Defendant. Attorneys' fees for **Plaintiff's** counsel may be subject to approval by the Court.

By joining this lawsuit, you designate the class representatives – i.e., Plaintiff Joseph Elias, and any other class member(s) who may join the Lawsuit as a Named Plaintiff – as your agent(s) to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, any settlement entered into, the entering of an agreement with **Plaintiff's** counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff(s) will be binding on you if you join this lawsuit.

### 5. PLAINTIFF'S LEGAL REPRESENTATION

If you choose to join this suit, your interest will be represented by the named **Plaintiff** through **his** attorneys, as counsel for the class. Counsel for the class are: Matt Pierce, Alex Behn, and Margaret Angelucci of ASHER, GITTLER, & D' ALBA, Ltd., which is located at 200 W. Jackson Blvd., Suite 720, Chicago, Illinois 60606. Telephone – 312/263-1500; Facsimile – 312/263-1520; Website – www.ulaw.com.

. . .

8

### 7. ADDITIONAL INFORMATION

If you need additional information regarding this Notice of the Lawsuit, or you have any questions regarding the same, please do NOT contact the Court. Additional information regarding this Notice or the lawsuit may be obtained by contacting **Plaintiff's** counsel via the contact information stated above.

The Court will approve the Notice subject to these revisions.

Plaintiff also seeks approval of a proposed consent form. Docket No. 25-2. However, plaintiff's proposed consent form is not specific to this dispute. *Id.* at 1. The consent form must be limited to the claims in this action. Moreover, the consent form references the City of Aurora as the collective member's "employer," whereas some collective members could be former employees. *Id.* Thus, the consent form should remove the language "my employer." The Court suggests for the first sentence: "I, _____, hereby consent to sue the City of Aurora, as well as any necessary agent or representative of that entity, pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), for the purpose of asserting any and all claims for overtime compensation and unpaid wages related to my participation in the Aurora Fire Rescue Fire Academy Entry Track training or Fast Track training between the dates of June 18, 2022 and May 8, 2025, and any related claims for benefits, interest payments/penalties, and damages – including, but not limited to, any liquidated damages – under the FLSA and any similar federal or state law." The Court will approve the consent form subject to these revisions. If the parties wish to use different language, they may file such a request.

Finally, plaintiff proposes the following opt-in procedure:

(a) Within seven (7) days of the date on which the Court enters its order

approving of the attached "Notice of Collective Action," the City shall provide to Plaintiffs' counsel a comprehensive list of all individuals who qualify for inclusion in the Class described in Paragraph 3, above. This list shall include each individual's name, most recent home address, telephone number, personal email address (where available), and Academy Class(es) attended. For ease of use, this list shall be provided electronically in an Excel spreadsheet or comparable file type. The Parties agree that the information contained in this list is Confidential and subject to the provisions of the Joint Protective Order [Dkt. 16] entered in this case on March 28, 2025. Plaintiffs' counsel agrees to handle such information in accordance with Paragraphs 7, 8, and 12 of the Joint Protective Order. The Parties agree that if there are any issues, concerns or discrepancies in the list provided by Defendant, the Parties will make all reasonable efforts to confirm the accuracy of the list and to update or revise the list as necessary.

(b) Within thirty (30) days of the date on which the Court enters an order approving the "Notice of Collective Action," Plaintiffs will distribute said Notice, along with a copy of "Plaintiff's Consent Form," to all putative collective members. The Notice and Consent Forms may be sent via U.S. mail and via e-mail where available.

(c) All putative collective members who desire to opt in to this litigation shall do so by signing and returning a copy of "Plaintiff's Consent Form" to Plaintiffs' counsel within ninety (90) days of the date on which the Court enters its order approving of the attached "Notice of Collective Action." Plaintiffs' counsel shall supply each putative collective member with a pre-paid return envelope and an email address to which Consent Forms can be returned.

Docket No. 25 at 3.

The Court will approve this unopposed procedure and will order the parties to comply with it.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs' Unopposed Motion for Conditional Certification of FLSA Collective Action and for Approval of Notice of Collective Action, Plaintiffs' Consent Form, and Opt-In Procedure [Docket No. 25] is **GRANTED in part**. It is further

10

**ORDERED** that this action shall be conditionally certified as a collective action pursuant to 20 U.S.C. § 216(b). The collective members are defined as follows:

All current and former employees of the City of Aurora who attended Entry Level training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022 through January 30, 2025, including specifically the following Fire Academy Classes:

2022-01 Entry [February 20, 2022-July 22, 2022]
2022-02 Entry [October 24, 2022-March 24, 2023]
2023-01 Entry [July 17, 2023-November 30, 2023]
2024-01 Entry [February 5, 2024-August 8, 2024]
2024-02 Entry [August 19, 2024-January 30, 2025]

and

All current and former employees of the City of Aurora who attended Fast Track training at the Aurora Fire Rescue Fire Academy during the period of June 18, 2022 through May 8, 2025, including specifically the following Fire Academy Classes:

2023-01 Fast Track [April 17, 2023-June 9, 2023]
2025-01 Fast Track [April 7, 2025-May 8, 2025]

It is further

**ORDERED** that the proposed Notice [Docket No. 25-1] and proposed consent form [Docket No. 25-2] are approved subject to plaintiff making the revisions discussed herein. It is further

**ORDERED** that the parties shall comply with the opt-in procedure [Docket No. 25 at 3].

DATED March 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

11